UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| PPNP, LLC,<br><br>         Plaintiff,<br><br>v.<br><br>Rahul N. ARYA, et al.,<br><br>         Defendants. | Case No.: 25-cv-0790-AGS-AHG<br><br>**ORDER REMANDING CASE** |

  Defendants removed this case, arising from a "breach of contract concerning a lease of real property" of a hotel, from state court based on federal-question jurisdiction. (ECF 1, at 2.) "'Arising under' jurisdiction—more often known as federal-question jurisdiction—enables federal courts to decide cases founded on federal law." *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 26 (2025) (quoting 28 U.S.C. § 1331). "A suit most typically falls within that statutory grant when federal law creates the cause of action asserted." *Id.* (cleaned up). "On rare occasions, the grant also covers a suit containing state-law claims alone, because one or more of them necessarily raises a substantial and actually disputed federal question." *Id.* (cleaned up). "That is, federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013). "Either way, the determination of jurisdiction is based only on the allegations in the plaintiff's well-pleaded complaint—not on any issue the defendant may raise." *Royal Canin*, 604 U.S. at 26. "Upon removal, the burden to demonstrate Article III jurisdiction shifts to the Defendant as the party invoking federal jurisdiction." *Jones v. Ford Motor Co.*, 85 F.4th 570, 573 (9th Cir. 2023) (cleaned up).

  The complaint alleges only a single cause of action: a state-based breach-of-contract claim. (*See* ECF 1-2, at 7–8.) Despite the lack of any federal claim, defendants advance three arguments in favor of federal-question jurisdiction, but none of them have merit.

1 First, they contend that the "commercial lease" in question "contains an arbitration clause . . . which is inextricably bound up with the federal question of whether such clause requires arbitration of this action under the Federal Arbitration Act." (ECF 1, at 2.) Yet the Federal Arbitration Act "does not create any independent federal-question jurisdiction under 28 U.S.C. § 1331 . . . or otherwise." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 26 n.32 (1983). So, an arbitration clause does not automatically confer federal-question jurisdiction on this Court simply because the Federal Arbitration Act exists. *Cf.* 9 U.S.C. § 4 (allowing motions to compel arbitration in federal court only if the court would have otherwise had "jurisdiction under title 28").

Second, defendants point out that "Congress has enacted numerous civil rights statutes under its Commerce Power," which impact the hotel at issue, and thus "the commercial lease in question clearly affects interstate commerce." (ECF 1, at 3.) But subject matter's "mere relation to interstate commerce does not create federal question jurisdiction." *Jones v. Bank of Am. NA*, No. CV-17-08231-PCT-JJT, 2017 WL 11686858, at *3 (D. Ariz. Dec. 8, 2017). The passage of civil-rights legislation did not federalize all lawsuits involving hotels.

Finally, the defense insists that the complaint "alleges that Defendants engaged in unlawful and nuisance related activity and conduct, including alleged prostitution and human trafficking at the motel." (ECF 1, at 4.) It's true that the complaint alleges that, due to defendants' action, plaintiff "was sued by the People of the State of California and the City of San Diego," resulting in damages of "$360,000" arising from defendants' violations of "several laws," "specifically including alleged prostitution and human trafficking." (ECF 1-2, at 7.) But the complaint never specifies that the underlying prostitution or human trafficking allegations were based on federal law, nor did defendants clarify this point in their notice of removal. (*See* ECF 1, at 4.) The defense instead boldly asserts that the "construction and effect of state and federal sex trafficking laws such as the California State Red Light Abatement Act and the Federal TVPA and other Congressional enactments dealing with abatement of interstate sex trafficking, and in its construction and effect to

this case, implicates federal jurisdiction." (*Id.*) This single sentence falls far short of showing that this case is part of the "special and small category" of federal-question cases in which a federal issue is "necessarily raised," "actually disputed," and "substantial." *See Gunn*, 568 U.S. at 258.

As the defense has failed to carry its burden of establishing Article III subject-matter jurisdiction, the Clerk is ordered to remand this suit to state court and close this case.

Dated:  April 8, 2025

                                                                          _____
                                                                          Hon. Andrew G. Schopler
                                                                          United States District Judge